## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

KELLY MATHENA, on behalf of herself and
all others similarly situated,

        Plaintiff,

    v.

WEBSTER BANK, N.A.

        Defendant.

Civil Action No. 3:10-cv-01448-SRU

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION AND CLASS CERTIFICATION, APPROVAL OF THE NOTICE PLAN, AND SCHEDULING A DATE FOR A FINAL FAIRNESS HEARING

This matter coming to be heard on the Unopposed Motion for and Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement and Publishing of Notice, and Setting of a Final Fairness Hearing filed by Kelly Mathena, individually and on behalf of the Settlement Class (as defined below), by and through Robert Izard and Mark Kindall, Izard Nobel, LLP, and Jonathan K. Tycko and Hassan A. Zavareei, Tycko & Zavareei LLP, requesting that the Court enter an Order: (1) preliminarily approving the Settlement Agreement, which was filed with the Court on November 18, 2010; (2) preliminarily approving the proposed Plan of Allocation; (3) preliminarily certifying, pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Settlement Class for settlement purposed only; (4) preliminarily appointing Kelly Mathena as the Representative Plaintiff; (5) appointing Robert Izard and Mark Kindall, Izard Nobel, LLP, and Jonathan K. Tycko and Hassan A. Zavareei, Tycko & Zavareei LLP, as Settlement Class Counsel; (6) approving the Notice Plan; (7)

1

appointing Hilsoft Notifications as the Notice Administrator; and (8) scheduling a Final Fairness Hearing to consider final approval of the settlement.

Having reviewed and considered the Settlement Agreement, the motion and memorandum in support for preliminary approval of the settlement, and having heard and considered the arguments of counsel, the Court makes the findings and grants the relief set forth below, preliminarily approving the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     Having made the findings set forth below, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Settlement Class is defined as:

> All persons who maintained a Webster Account at any time between April 29, 2004 and August 15, 2010, and who, on at least one occasion, incurred multiple Overdraft Fees on a single day for debit card transactions during any period in which Webster posted daily debit card transactions using a High-to-Low Posting Order.

Excluded from the Settlement Class are Webster Bank, any parent, subsidiary, affiliate or sister company of Webster Bank, and all officers or directors of Webster Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class. Also excluded from the Settlement Class is any person who timely submits a valid request to be excluded from this Settlement.

As provided for in the Settlement Agreement, if the Court does not grant final approval of the settlement set forth in the Settlement Agreement, or if the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement

Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Actions shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2.      The Settlement Class is so numerous that joinder of all members is impracticable.

3.      The Court finds, based on the terms of the settlement described in the Settlement Agreement, that:

  a.      There are questions of law and fact common to the Settlement Class;

  b.      The claims of Representative Plaintiff are typical of the claims of members of the Settlement Class;

  c.      Representative Plaintiff and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between Representative Plaintiff and members of the Settlement Class;

  d.      Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

  e.      Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

4.      Accordingly, the Court hereby preliminarily certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23.

5.      The Court preliminarily approves the settlement set forth in the Settlement Agreement as being within the range of fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

6.      The Court preliminarily approves the Plan of Allocation described in the Motion for Preliminary Approval as being fair and reasonable, subject to final consideration at the Final Fairness Hearing provided for below.

7.      The Court appoints Robert A. Izard and Mark P. Kindall, Izard Nobel, LLP, and Jonathan K. Tycko and Hassan A. Zavareei, Tycko & Zavareei LLP, as counsel for the Settlement Class ("Settlement Class Counsel").

8.      Kelly Mathena is appointed as Representative Plaintiff.

9.      A hearing (the "Final Fairness Hearing") shall be held before this Court on March 24, 2011 at 3:00 p.m., in Courtroom 1 of the United States District Court for the District of Connecticut to determine:  (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment Order, as provided for in the Settlement Agreement, should be entered granting final approval of the settlement; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff incentive award should be paid to Settlement Class Counsel for distribution. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

10.     The Court approves as to form and content the Notice Plan.

11.     The Court approves and appoints Hilsoft Notifications as Notice Administrator and Epiq Systems Class Action & Claims Solutions as Claims Administrator.

12.     Webster shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement, and, pursuant to the settlement, shall notify Settlement Class Counsel of its compliance.

13.     As soon as is possible, and in any event within 100 days of this Order, notice shall be given to the Class consistent with the Notice Plan and the Settlement Agreement.

14.     The Court finds that compliance with the Notice Plan is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

15.     Prior to the Final Fairness Hearing, the Settling Parties shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with the Notice Plan.

16.     No later than 45 days prior to the Fairness Hearing, Plaintiff shall file any motion for Attorneys' Fees, costs and expenses, as well as any Motion for an award of an incentive payment.

17.     To be excluded from the Settlement, a Settlement Class Member must individually sign and timely submit written notice clearly manifesting his or her intent to a designated Post Office Box established for said purpose. The written notice must refer to *Mathena v. Webster Bank* and must list the account number of the Webster account linked to a Webster Debit Card.  In addition, the exclusion request must include, for each account listed:

> (1) The full names and current addresses of each person whose name is on the account.
>
> (2) A statement that each person whose name is on the account satisfies the criteria to be a Settlement Class Member.
>
> (3) A statement of intention to exclude each person whose name is on the account from the Settlement Class.
>
> (4) The signature of each person whose name is on the account.

18.     All requests for exclusion must be postmarked by no later than 21 days prior to the Fairness Hearing.

19.     All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment Order entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement. All persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

20.     Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement. All Settlement Class Members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefor in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, and the releases contained therein.

21.     To object to the settlement, the Plan of Allocation, or to the motions for attorneys' fees, costs and expenses, or for an incentive award, a Settlement Class Member must timely file a written statement of objection with the Court. The written statement of objection must set forth:

(1) the full name, address, and telephone number of the objector;

(2) all reasons for the objection;

(3) the names of all attorneys representing the objector, if any;

(4) the names of all attorneys representing the objector who will appear at the Final Fairness Hearing;

(5) a list of all people the objector will call to testify at the Final Fairness Hearing, if any;

(6) a statement stating whether the objector will appear and/or testify at the Final Fairness Hearing; and

(7) the signature of the objector or the signature of a duly authorized attorney or other duly authorized representative for the objector (along with documentation of such representation).

22.     To be timely, a written statement of an objection in appropriate form must be filed with the Clerk of the United States District Court for the District of Connecticut, at a courthouse location to be designated by the Court, twenty-one (21) days prior to the date of the Final Fairness Hearing, and also served on Proposed Settlement Class Counsel, Robert Izard and Mark Kindall, Izard Nobel, LLP, 29 South Main St., Ste. 215, West Hartford, CT  06107, and Jonathan K. Tycko and Hassan A. Zavareei, Tycko & Zavareei LLP, 2000 L St. NW, Suite 808, Washington, D.C. 20036, and Defendant's counsel, Steven M. Greenspan, Day Pitney LLP, 242 Trumbull Street, Hartford,  CT 06103-1212.

23.     All discovery and pretrial proceedings in this litigation, other than confirmatory discovery provided for in the Settlement Agreement, are stayed and suspended until further order of the Court.

24.     Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

25.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Webster; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of Webster, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

7

26.     In the event the Court does not grant final approval of the Settlement Agreement or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, the Settling Parties shall be restored to their respective positions in the litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

27.     The Court sets the following schedule for the final approval hearing and the actions which must precede it:

     a.    Initial notice shall be mailed to the Settlement Class by no later than December 23, 2010.

     b.    Representative Plaintiff shall file her Motion for Final Approval, Motion for Attorney's Fees, Costs and Expenses, and Motion for Incentive Award by no later than February 7, 2011.

     c.    Settlement Class members must file any objections to the Motion for Final Approval, the Motion for Attorneys' Fees, Costs and Expenses, and/or the Motion for Incentive Award by no later than March 3, 2011.

     d.    Settlement Class members must file requests for exclusion from the Settlement by no later than March 3, 2011.

     e.    Reply briefs may be filed in response to any objections by no later than March 17, 2011.

f.  The fairness hearing will take place on March 24, 2011, at 3:00 p.m., at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, Connecticut, in Courtroom 1.

g.  The deadline to file claims is April 18, 2011.

SO ORDERED.

/s/Stefan R. Underhill
Stefan R. Underhill
United States District Judge

Dated: November 22 , 2010